IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DARIN BELLAMY AND CHRISTINA BELLAMY, ) ) ) ) Plaintiffs, ) ) v. ) ) THE UNITED STATES GOVERNMENT, ) ) Defendant. ) | Civil Case No. _____ <br><br> **COMPLAINT** |

The Plaintiffs, complaining of the Defendant, would respectfully show unto this Honorable Court as follows:

## PARTIES

1. That the Plaintiff, Darin Bellamy (hereinafter referred to as "Plaintiff"), is a citizen of the State of South Carolina, County of Horry.

2. That the Plaintiff, Christina Bellamy (hereinafter referred to as "Plaitiff Spouse") is a citizen of the State of South Carolina, County of Horry.

3. That, upon information and belief, the Little River Medical Center, Inc., a medical facility organized and operating in the State of South Carolina, County of Horry, at all relevant times mentioned herein, was deemed to be covered under the Federal Tort Claims Act 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), 2671-2680.

4. That, upon information and belief, Peter F. Chambers, Ph.D. and Wilma L. Spencer, APRN, at all times mentioned herein, were agents and/or employees of The Little River Medical Center and were therefore deemed to be covered under the Federal Tort Claims Act 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), 2671-2680.

5. That, upon information and belief, The United States Government (hereinafter

1

referred to as "Defendant") is the proper Defendant to this action in accordance with the Federal Tort Claims Act 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), 2671-2680.

6. Accordingly, the United States District Court for the District of South Carolina, Florence Division is the appropriate Jurisdiction and Venue for litigating this action.

## FACTS

7. That, upon information and belief, on or about August 22, 2013, Plaintiff presented to the Little River Medical Center with complaints of left arm swelling from above the elbow to below the wrist and with an infected wound on the back of his neck.

8. Upon information and belief, Plaintiff was seen by the family nurse practitioner for Dr. Peter Chambers, Wilma L. Spencer, who according to §40-33-20 of the S.C. Code of Laws, at all times relevant herein was performing "delegated medical acts" under the direct supervision of Dr. Peter Chambers.

9. Upon information and belief, Ms. Spencer noted that Mr. Bellamy's entire left arm was swollen to the point he could not bend his elbow without difficulty. She also noted that Plaintiff was complaining of some pain in his elbow but made no mention of any type of swollen or infected area on the back of his neck.

10. Upon information and belief, Plaintiff mentioned to Ms. Spencer that he had a history of gout (in his leg) and that the swelling and pain he was experiencing in his arm reminded him of that.

11. Upon information and belief, based upon Plaintiff's remark, and without conducting any further examination and/or performing any appropriate testing, Ms. Spencer diagnosed him with gout and sent him home with instructions to follow up with Dr. Chambers in one week.

2

12.     Upon information and belief, Ms. Spencer did not place Plaintiff on any antibiotics and/or recommend he be admitted to the hospital for observation and/or appropriate treatment.

13.     Upon information and belief, at approximately 9:00 pm on August 24, 2013, Plaintiff presented to the Emergency Room at Conway Medical Center with increased pain and swelling to his left arm where, upon exam, swelling and redness was noted to Plaintiff's entire left arm and hand along with a large draining sebaceous abscess on his neck.

14.     Upon information and belief, Plaintiff was diagnosed with possible cellulitis and sepsis and, as a result, was started on IV antibiotics and admitted to the hospital for further examination and treatment.

15.     Upon information and belief, on or about August 28, 2013, Plaintiff was taken to the operating room and his left arm was opened by Dr. Mills at which time it was determined that he had some necrotic tissue and an extensive subcutaneous abscess. The abscess was drained and packed.

16.     Upon information and belief, on or about August 29, 2013, Plaintiff was taken back to the operating room by Dr. Mills for further irrigation and debridement of the extensive abscess located in his left arm along with placement of a Wound Vac.

17.     Upon information and belief, on or about August 31, 2013, Plaintiff was taken to the operating room for a third time for further irrigation and debridement of the aggressive subcutaneous infection to his left arm. This time the operation was performed by Dr. Ross Taylor. Upon opening the wound, purulence (pus) was produced. Additional necrotic tissue was removed down to the deep fascia. The Wound Vac was then placed in a new location on the arm covering a 30 cm length x 5 cm wide area of the wound.

18. Upon information and belief, on or about September 2, 2013, Dr. Taylor took Plaintiff back to the operating room where his wound was opened for the fourth time and all dressings were removed. At this time no further purulence or necrotic tissue was found. A wound VAC dressing was placed.

19. Upon information and belief, Plaintiff remained hospitalized until September 6, 2013 at which time he was discharged with instructions to continue treatment for his infection on an outpatient basis. He then continued receiving outpatient treatment for the extensive wound to his left arm at Conway Medical Center until October 9, 2013.

20. Defendant was negligent, grossly negligent, willful, wanton, reckless and careless in the following particulars:

    a. In failing to appropriately examine, diagnose and treat Plaintiff;

    b. In failing to properly and timely place Plaintiff on antibiotics;

    c. In failing to properly and timely admit Plaintiff to the hospital;

    d. In failing to exercise the degree of skill ordinarily exhibited by healthcare professionals under the same or similar circumstances;

    e. In failing to properly hire, train and supervise its employees;

    f. In breaching their non-delegable duty to Plaintiff;

    g. Such additional and further particulars as may be learned through discovery and/or proven at trial; and

    h. Any/all negligent acts addressed in the attached Affidavit of Plaintiffs' expert witness, B. Wayne Blount, MD, MPH.

21. As a direct and proximate result of the acts and omissions of the Defendant, Plaintiff suffered extensive surgeries, extended hospital stay, medical expenses, mental anguish, loss of enjoyment of life, disability, disfigurement, pain and suffering and other non-economic damages.

22.     As a direct and proximate result of the acts and omissions of the Defendant, Plaintiff Spouse suffered the loss of her husband's comfort, care and society and will continue to do so in the future.

WHEREFORE, Plaintiffs pray for judgment against Defendant, for actual and punitive damages, for the costs of this action and for such other and further relief as the Court deems just and proper.

                                                      **THE BRTTAIN LAW FIRM, P.A.**

                                                     Thomas C. Brittain, Esquire
                                                     A. Preston Brittain, Esquire
                                                     4614 Oleander Drive
                                                     Myrtle Beach, SC 29577
                                                     (843) 449-8562
                                                     (843) 497-6124 Facsimile
                                                     **Attorneys for the Plaintiffs**

_April 20_, 2016
Myrtle Beach, South Carolina

5